# IN THE COURT OF APPEALS OF IOWA

No. 19-0343
Filed June 19, 2019

**IN THE INTEREST OF C.S.,**
**Minor Child,**

**J.S., Father,**
Appellant,

**C.S., Mother,**
Appellant.

_____

Appeal from the Iowa District Court for Polk County, Colin J. Witt, District Associate Judge.

A mother and father separately appeal the termination of their parental rights to their minor child. **AFFIRMED ON BOTH APPEALS.**

Steven L. Cooper of Cooper, Goedicke, Reimer & Reese Law Firm, P.C., West Des Moines, for appellant father.

Agnes G. Warutere of Warutere Law Firm, PLLC, Ankeny, for appellant mother.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

John Jellineck of Juvenile Public Defender's office, Des Moines, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**VAITHESWARAN, Presiding Judge.**

A child was born in 2012 with cocaine in her system. The State initiated a child-in-need-of-assistance action. After a period of hospitalization, the juvenile court placed the child with her mother and closed the case.

Four years later, the State intervened again based on allegations of active drug use by the child's parents and domestic abuse perpetrated by the father against the mother. The juvenile court ordered the child temporarily removed from the parents' care. The child remained out of their care throughout the child-in-need-of-assistance proceedings.

In time, the State petitioned to terminate parental rights. The district court granted the petition following an evidentiary hearing.

In separate appeals, the parents contend (1) the record lacks clear and convincing evidence to support the ground for termination cited by the juvenile court; (2) termination is not in the child's best interests; and (3) the juvenile court should have declined to terminate their parental rights based on the closeness of the parent-child bond.

## I. *Statutory Ground for Termination*

Iowa Code section 232.116(1)(f) (2018) requires proof of several elements, including proof the child cannot be returned to the parents' custody. On our de novo review, we agree with the juvenile court that the State proved this ground for termination.

The department of human services case manager reported "ongoing concerns regarding both parents' substance abuse and mental health," lasting "[t]hroughout the life of the case." Although the mother denied illegal drug use

during the sixteen months between removal and the termination hearing, she acknowledged a positive drug test just five months before the hearing and conceded she refused drug patches two and three months before the hearing. Similarly, the father agreed he tested positive for methamphetamine and marijuana four months before the termination hearing and conceded he refused a drug patch two-and-one-half months before the hearing. He too denied substance-abuse issues but essentially conceded the child could not be returned to his custody at the time of the termination hearing. He testified, "[F]or right now I would like for her to be sent to her mother." We conclude reunification with either parent was not an option.

## II.      *Child's Best Interests*

Termination must be in the child's best interests. *See* Iowa Code § 232.116(2). "'In considering whether to terminate . . . the court shall give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child.'" *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010) (quoting Iowa Code § 232.116(2)).

The father was jailed on a theft charge during the child-in-need-of-assistance proceedings. On his release following his conviction and sentence, he failed to participate in substance-abuse treatment and minimized his history of domestic violence. As for the mother, the department case manager testified she "was making really good progress" prior to the father's release but after that point, "she stopped engaging in services" and "her behavior started to change."

Despite the father's past physical abuse of the mother, there was credible evidence the mother allowed the father to stay with her. The mother's decision to reconnect with the father raised serious safety concerns for mother and child. Significantly, the child witnessed and described an assault she saw the father commit. Given the father's violent propensities and both parents' continued drug use, we conclude termination is in the child's best interests.

### III.  Parent-Child Bond

The court may invoke certain exceptions to termination, including one based on a bond between parent and child. *See* Iowa Code § 232.116(3)(c). The mother testified the child was happy to see her at twice-weekly supervised visits and gave her hugs and called her "Mommy." The father characterized his relationship with the child as "priceless." We have no doubt the child shared a bond with both parents. But, neither is in a position to ensure her safety. For that reason, the juvenile court acted appropriately in declining to invoke the exception to termination.

We affirm the termination of the parents' rights to the child.

**AFFIRMED ON BOTH APPEALS.**